**IN THE COURT OF APPEALS OF IOWA**

No. 21-0461
Filed June 16, 2021


**IN THE INTEREST OF A.P.,**
**Minor Child,**

**S.W., Mother,**
　　Appellant.
_____


　　Appeal from the Iowa District Court for Iowa County, Russell G. Keast, District Associate Judge.


　　A mother appeals the termination of her parental rights. **AFFIRMED.**


　　Peter Stiefel, Victor, (until withdrawal) and Raymond Lough, Vinton, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Deborah M. Skelton, Walford, attorney and guardian ad litem for minor child.


　　Considered by Doyle, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights.[1]  She argues the State failed to prove grounds for termination, termination is not in the best interests of the child, and her rights should not have been terminated due to the closeness of the parent-child bond.  The mother also argues she should have been given an additional six months to work toward reunification.

**I.      Background Facts and Proceedings**

The family came to the interest of the Iowa Department of Human Services (DHS) days after the child was born in July 2020, following a report that the parents did not provide adequate and safe shelter for the child.[2]  Only days later, DHS was made aware that the child's meconium test was positive for amphetamines, methamphetamine, and THC.  The child was removed from her parental home on July 10.  The child was adjudicated in need of assistance (CINA) on August 21, pursuant to Iowa Code section 232.2(6)(c)(2) (2020), and the removal was continued.  On August 25, the mother was ordered to participate in drug testing.

Throughout the following months, the mother failed to inform DHS of where she was living.  She also failed to participate in drug testing, although her identification number was picked eighteen times between the date that she was ordered to participate and the termination trial.[3]  The mother failed to regularly

---

[1] The father's rights were also terminated.  He does not appeal.

[2] This is not the mother's first DHS intervention.  The mother's older children have been involved with DHS due to her extensive history of drug use, and her rights to one other child have been terminated.

[3] Participants in drug testing are assigned an identification number and then must call in every day to see if their identification number has been assigned a random test for the day.  Trial testimony revealed that the mother never appeared for

participate in her two weekly visits with the child and, in November, the visits were reduced to one per week. The child's foster placement volunteered to supervise extra visits, but the mother never took advantage of that offer and continued to sparingly participate in DHS-supervised visits.

A permanency hearing was held in December. After the hearing, the State filed a petition for termination of parental rights of both parents. In February 2021, the termination trial was held. The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h). The mother appeals.

## II. Scope and Standard of Review

Terminations of parental rights are reviewed de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "While we give weight to the factual determinations of the juvenile court—especially when considering the credibility of witnesses—we are not bound by them." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). The State must prove the grounds for termination by clear and convincing evidence. *Id.* at 815. "Our primary concern is the best interests of the child." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "Evidence of a parent's past performance is relevant on this issue because it may show the quality of future care the parent is capable of providing." *M.M.*, 812 N.W.2d at 814.

## III. Discussion

Our appellate analysis proceeds in three steps and mirror's the juvenile court's analysis. *See P.L.*, 778 N.W.2d at 40.

> First, the court must determine if the evidence proves one of the enumerated grounds for termination in section 232.116(1). If a

---

testing, but it is unclear whether she ever called in to know when her identification number was selected for testing.

ground is proven, the court may order the termination. Next, the court must consider whether to terminate by applying the factors in section 232.116(2). Finally, if the factors require termination, the court must then determine if an exception under section 232.116(3) exists so the court need not terminate.

*Id.* (citations omitted). The mother raises arguments related to each step of our analysis and argues that the district court erred in failing to grant her an additional six months to work toward reunification.

A.      Grounds for Termination

The mother's rights were terminated pursuant to Iowa Code section 232.116(1)(h), which authorizes termination if:

> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother concedes the first three elements but challenges the fourth.

Section 232.102(4) describes the circumstances that would support continued removal as "clear and convincing evidence that: (1) The child cannot be protected from physical abuse without transfer of custody; or (2) The child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance and an adequate placement is available." The child was adjudicated CINA pursuant to section 232.2(6)(c)(2), meaning a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of: . . . (2) The failure of the child's parent, guardian, or custodian, or other member of the

household in which the child resides to exercise a reasonable degree of care in supervising the child."

Our de novo review of the record reveals the following facts. When the child was born, the mother was unable to provide suitable shelter. She was located in a temporary residence that did not have access to water. The home was also dirty and contained very little furniture. At no other time during the proceedings did the mother ever reveal the location of her home or where she planned to reside upon the child's return to her custody. Furthermore, the child's meconium test was positive for amphetamines, methamphetamine, and THC. The mother was ordered to comply with drug testing. Her identification number was picked eighteen times and she was offered transportation, but she failed to appear for any tests. The mother's history of DHS intervention with her other children reveals she has an extensive history of drug use, including use of marijuana and methamphetamine. Although testimony at the termination trial revealed that the mother never appeared to be impaired during visitation, there is no evidence she has taken any action to address her drug abuse. These facts show that the circumstances leading to the child's adjudication were still in existence at the time of termination. *See* Iowa Code § 232.102(4)(2). This mother is familiar with child-welfare proceedings and failed to make any progress toward reunification. There is clear and convincing evidence the juvenile court could not return the child to the mother's care when there was no evidence the mother took any action toward addressing her substance abuse or providing adequate shelter. *See id.* § 232.116(1)(h)(4). The statutory ground for termination of the mother's parental rights pursuant to section 232.116(1)(h) were met.

B.    Request for Additional Time

Next, we will address her request for an additional six months to work toward reunification. The child in this case was born in July 2020. The mother has had her rights to another child terminated. This mother's history, both with her other children and recent past with this child, reveal that she made no progress toward reunification. The child is at an adoptable age and is placed in a home that would like to adopt the child. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. This child needs permanency now. We will not force this child to wait for a mother who has made no progress toward reunification to possibly take action on an eleventh-hour request for additional time.

C.    Best-Interests Considerations

In considering whether termination of parental rights is in a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). When a child has been placed in foster care, we consider "whether the child has become integrated into the foster family to the extent that the child's familial identity is with the foster family, and whether the foster family is able and willing to permanently integrate the child into the foster family." *Id.* § 232.116(2)(b).

The DHS social worker testified the mother has rarely had contact with the child since removal, which is particularly harmful to the bond between a parent and

child. The child is healthy and thriving in the current placement. The child responds to the foster family with smiles when they interact. The child has bonded with the foster family, which hopes to adopt the child. On our de novo review, we agree with the district court that the mother is unable to provide for the physical, mental, and emotional needs of the child and that termination is in the child's best interests. *See id.*

### D. Permissive Exceptions to Termination

The mother argues that the district court should not have terminated her parental rights because it was "detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). Although the exception described in section 232.116(3) are statutory, they are permissive, not mandatory. The child was removed from parental custody shortly after birth and has not returned to a family home. The mother's visits have been infrequent. The DHS caseworker testified to the importance of contact between a family and child to establish bonds. The mother's infrequent visits have not established a close bond between the mother and child. Instead, the child has bonded with the foster family. Accordingly, we agree with the district court that no permissive exception to termination applies here.

## IV. Conclusion

We agree with the district court that the State established by clear and convincing evidence that the child could not be returned to the mother at the time of the termination hearing, establishing the only contested element of termination pursuant to section 232.116(1)(h). The mother's history of inactivity in this case and the child's immediate need for permanency support the district court's decision

to refuse the mother an additional six months to work toward reunification. We also agree with the district court that termination is in the child's best interests and no permissive exception to termination applies.

**AFFIRMED.**